IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT ABELE,

          Plaintiff,

     v.

KATHRYN ABELE and
DONALD RAY,

          Defendants.

OPINION AND ORDER

21-cv-370-wmc

In this civil action for injunctive relief, *pro se* plaintiff Robert Abele claims that his wife, Kathryn Abele, from whom he is separated, and her divorce attorney, Donald Ray, are threatening to misappropriate plaintiff's trade secrets in violation of 18 U.S.C. § 1836(b)(1). More specifically, he claims they have prevented him from gaining access to his confidential and proprietary intellectual property stored in his wife's residence. (Dkt. #1.) Plaintiff served the defendants on June 15, 2021, making their answers due on July 6, 2021. On July 6, 2021, after neither defendant filed an answer timely, plaintiff moved for entry of default judgment. (Dkt. #6.) On July 13, 2021, Kathryn Abele, appearing *pro se*, filed an answer (dkt. #9), although defendant Ray has not yet answered or otherwise appeared.

Plaintiff's motion for default judgment against Kathryn Abele will be denied. The court will construe Kathryn Abele's late-filed answer as including a request to extend the time for doing so, and further finds that her *pro se* status is good cause to permit her late filing under Fed. R. Civ. P. 6(b)(1)(B). As for attorney Ray, the clerk's office would ordinarily enter default and schedule a hearing on plaintiff's motion for default judgment. Before the court can consider entering judgment, however, it must be satisfied that subject

1

matter jurisdiction exists over this lawsuit. *See McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit."). So far as it appears from the pleadings, the issues in this lawsuit -- even assuming they arise under a federal statute – are more properly addressed in the Abeles' ongoing state divorce proceeding. First, there appears no need to adjudicate whether any of the property is subject to trade secret protection since the only issue joined in defendant Abele's answer is whether plaintiff's access is being denied. Second, this court lacks jurisdiction over the question of possession of divorce property. *See Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998) (domestic relations exception to federal jurisdiction prevents court from exercising jurisdiction over matters that would be litigated in state domestic relations proceeding); *Budorick v. Maneri*, 697 F. App'x 876, 878 (7th Cir. 2017) (plaintiff's claim that his wife wrongfully diverted marital property to her parents fell "squarely within the domestic-relations exception."). Accordingly, the court will dismiss this case for lack of subject matter jurisdiction without prejudice to plaintiff refiling should he be able to plead a viable claim of actual misappropriation of a trade secret *or* upon completion of divorce proceedings, should those proceedings not resolve possession of this claimed property.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for default judgment (dkt. #6) is DENIED; and

2. This case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

Entered this 28th day of July, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge